**SO ORDERED: December 11, 2018.**



James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JAN TELENE JOHNSON, | ) Case No. 16-00202-JMC-13 |
| | ) |
| Debtor. | ) |
| | ) |

## ORDER DENYING
## MOTION FOR DISTRIBUTION OF REMAINING FUNDS FROM AUCTION SALE

THIS MATTER comes before the Court on the *Motion for Distribution of Remaining Funds from Auction Sale* filed by Bedford Federal Savings Bank ("Bedford") on November 6, 2018 (Docket No. 266) (the "Distribution Motion"), *The Peoples State Bank's Joinder in Motion for Distribution of Remaining Funds from Auction Sale* filed by The Peoples State Bank ("Peoples") on November 12, 2018 (Docket No. 267), and *Trustee's Response to Creditor's Motion for Distribution of Funds* filed by Ann M. DeLaney, chapter 13 trustee ("Trustee"), on November 30, 2018 (Docket Nos. 275 and 276). The matter was heard by the Court on December 6, 2018 (the "Hearing").

The material facts underlying this matter are not in dispute.

Jan Telene Johnson ("Debtor") commenced this chapter 13 case on January 15, 2016. On March 1, 2016, Debtor filed her initial chapter 13 plan. Debtor proposed several amended chapter 13 plans in the face of opposition to confirmation by Bedford, Peoples and Trustee. On September 11, 2017, Debtor filed a *Motion to Sell at Auction and Notice of Objection Deadline* (Docket No. 191) that was corrected by the *Amended Motion to Sell at Auction and Notice of Objection Deadline* (Docket No. 195) (the "Motion to Sell"). The Motion to Sell proposed an auction sale of certain real property located at 8482 S. Fairfax Road, Bloomington, Indiana (the "Real Estate") that was subject to liens in favor of Bedford and Peoples. On November 14, 2017, the Court granted the Motion to Sell.

The highest bidder at auction and first proposed buyer of the Real Estate defaulted on its obligations to purchase and forfeited an earnest money payment of $55,500. On September 7, 2018, Bedford filed the *Emergency Motion for Authority to Sell Property to Alternate Bidder* (Docket No. 259), which the Court granted on September 25, 2018 (Docket No. 263). Debtor sold the Real Estate to the alternate bidder for net proceeds of $257,527.33. Debtor caused the funds forfeited by the highest bidder and the net proceeds from the sale to the alternate bidder totaling $313,027.33 to be transferred to Trustee for distribution.

On November 19, 2018, Debtor filed her most recent amended *Chapter 13 Plan* (Docket No. 270) (the "Plan"). That Plan and several prior plan iterations provide for the sale of the Real Estate and payment of proceeds to Trustee for distribution to Bedford.

Prior to distribution of the Real Estate sale proceeds, Trustee retained $21,119.36 as Trustee's fee (the "Fee").[1] At the Hearing, Trustee's counsel advised that the retained Fee

---

[1] The amount of a standing chapter 13 trustee's fee is fixed by 28 U.S.C. § 586(e)(1)(B).

represents approximately 7.4% of the net sale proceeds paid over to the Trustee.

In the Distribution Motion, Bedford challenges Trustee's retention of the Fee. Peoples supports that challenge. Trustee, supported at the Hearing by the United States Trustee, contends that Trustee's retention of the Fee is mandated by 28 U.S.C. § 586(e)(2), which provides that "[s]uch individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter … 13 of title 11 for which such individual serves as standing trustee."

Bedford and Peoples disagree. They contend that all of the net sale proceeds must be paid over to them as secured creditors. They cite, in support of their opposition to the Fee, *Sikes v. Samuel,* 559 B.R. 135 (W.D. La. 2016), and *In re McLendon,* 506 B.R. 243 (Bankr. N.D. Miss. 2013). However, in neither of the cases cited by Bedford and Peoples were the proceeds from the secured creditor's collateral paid to the trustee for distribution pursuant to a plan. Here, the pending Plan does provide for such payments to Trustee and for distribution by Trustee to partially satisfy a secured claim. Therefore, the Court denies the Distribution Motion and confirms that Trustee's retention of the Fee is appropriate under the facts and circumstances of this case and 28 U.S.C. § 586(e)(2).

IT IS SO ORDERED.

# # #